IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHRIS LACIVITA, an individual, and ADVANCING STRATEGIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE DAILY BEAST COMPANY, LLC d/b/a THE DAILY BEAST, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: 3:25-cv-00227 |

# JOINT RULE 26(F) DISCOVERY REPORT

1. Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's October 8, 2025 Scheduling Order, ECF Nos. 29 and 29-1, the parties to the above-captioned matter conferred on October 15, 2025. This report is submitted to the Court for use in connection with the preliminary pretrial conference on November 5, 2025.

2. **Nature of the Case.** This action arises from Defendant The Daily Beast Company LLC's ("Defendant") publication of a series of articles and a podcast episode in October and November 2024 concerning Plaintiff Chris LaCivita, a Virginia political consultant and a co-manager of the Donald J. Trump for President 2024 campaign, and his company, Advancing Strategies, LLC.

Plaintiffs assert claims for defamation *per se*, defamation *per quod*, and business conspiracy under Va. Code § 18.2-499, alleging that Defendant falsely reported that Mr. LaCivita personally received more than $22 million from the Trump 2024 presidential campaign as compensation.

Defendant moved to dismiss the Complaint, ECF No. 23. Defendant contends that this case should be dismissed for several reasons. First, as to Plaintiff LaCivita's defamation claim,

both because Mr. LaCivita is a public figure and because the New York and Virginia anti-SLAPP laws apply, Mr. LaCivita must plead actual malice, which he does not. Second, as fair and accurate reports of public records (FEC campaign disclosures), Defendant's publications are protected by the fair report privilege. Third, none of the publications defame Mr. LaCivita, either *per se* or *per quod*. Finally, Plaintiffs' joint tag-along state-law business conspiracy claim fails to plead the required elements, and in any event the statute in question is unconstitutional under the U.S. Supreme Court's defamation damages precedent.

Defendant's Rule 12(b)(6) motion to dismiss is set for hearing on November 5, 2025, immediately before the Court's Rule 16(b) scheduling conference

3. **Initial Disclosures.** The parties agree to submit Rule 26(a)(1) initial disclosures on or before October 29, 2025, as required by Rule 26(a)(1)(C).

4. **Trial Setting.**

*Plaintiffs' Position.* Plaintiffs respectfully request that the Court set this matter for trial within the standard timeframe of approximately 150 days from the pretrial conference, consistent with the customary practice in the Eastern District of Virginia and Your Honor's practices. Plaintiffs believe this schedule will permit orderly discovery and motion practice while maintaining the prompt resolution favored by the Court.

*Defendant's Position.* Defendant respectfully requests that the Court set this matter for trial during the week of June 1, 2026.

Plaintiffs' proposal requests a trial date commencing as early as April 6, 2026. This proposal is impractical for several reasons. Per this Court's Scheduling Order requirement that discovery be completed no later than 80 days before trial, and expert disclosures no later than 60 days before the end of discovery, *see* ECF No. 29-1 at 3-4, Plaintiffs' proposal would mean

discovery and expert disclosures would close on January 16, 2026 (completion of discovery) and November 17, 2025 (expert disclosures).

Plaintiffs' proposal would require not only expert disclosures 12 days after the parties' scheduling conference with the Court, but also would necessitate the majority of discovery taking place over the holiday season. That schedule is unworkable in this case for several reasons, including because it is a "complex litigation" per this Court's Scheduling Order. This case includes two plaintiffs, a corporate defendant, and statements at issue in six different publications (five articles and one podcast episode). Moreover, based on Plaintiffs' own allegations, this case will involve significant non-party discovery from both corporate entities and individuals. For example, Plaintiffs allege that payments received by Mr. LaCivita's firm from the Republican National Committee and certain super PACs in connection with the 2024 presidential campaign "immediately passed through" to other entities. Dkt. 27 at 9. Plaintiffs further allege that Defendants' reporting has "negatively impacted Mr. LaCivita's business worldwide including in Albania"; led to reputational damage, loss of business income, and "lost business opportunities" for Mr. LaCivita, and hindered his and his firm's "ability to secure new clients"; and that Defendant's alleged reporting regarding President Trump's reaction to the publications "impugn[ed] Mr. LaCivita's fitness for his trade." Dkt. 1 ¶¶ 42, 53, 60; Dkt. 27 at 31. Accordingly, per Plaintiffs' own allegations, Defendant is entitled to seek non-party discovery from, at minimum, (1) entities remitting payments to Mr. LaCivita's firm, including the Republican National Committee and several super PACs; (2) alleged campaign vendors and sub-vendors to whom the campaign payments purportedly "passed through"; (3) the Trump 2024 campaign and its personnel, including its co-campaign manager Susie Wiles, campaign CFO Sean Dollman, campaign treasurer Bradley Crate, and campaign senior adviser Corey

Lewandowski; and (4) given Plaintiffs' damages allegations, President Trump and each of Plaintiffs' several employers post-publication. Given the scope of this non-party discovery, as well as the potential for motion practice, Plaintiffs' proposed schedule requiring the completion of all of this discovery over the holiday season is unworkable.

Moreover, at the parties' October 15 meet-and-confer, Plaintiffs' counsel indicated that they have several conflicts during May 2026 making this a difficult month during which to schedule the trial. Meanwhile, Defendant's counsel is unavailable for trial in April 2026, given two conflicting trials, one currently scheduled for the "April 2026 trial term" (for which specific dates have not yet been ordered), and another scheduled for April 20, 2026. *See Loomer v. Maher*, Dkt. 139, Case No. 5:24-cv-00625 (M.D. Fla.); *Cohen v. Thomson Reuters, et al.*, Case No. 2024-208757-CZ (Mich. Cir. Ct.).

In light of the wide-ranging scope of discovery in this case, the need for a realistic discovery schedule, and counsel unavailability, Defendants request a modest enlargement of the time contemplated by this Court's trial date scheduling procedures to the week of June 1, 2026, which would require completion of discovery by March 13, 2026, and expert disclosures by January 12, 2026. Such a schedule would provide both sides with adequate time for discovery in this matter without prejudicing either.

5. **Discovery Plan.** Pursuant to Rule 26(f)(3), the parties jointly propose the following discovery plan:

**Scope of Discovery:**

Plaintiffs anticipate discovery concerning the authorship, publication and editorial process underlying the statements at issue; Defendant's sources for the Articles and podcast; Defendant's review of FEC records or financial data used for the reporting; Defendant's

knowledge, intent, and efforts to verify the accuracy of the statements at issue; Defendant's dealings and relationship with Michael Isikoff; and Defendant's communications relating to Plaintiffs or the subject matter of the Articles and podcast including with Michael Isikoff, Hugh Dougherty, Lily Mae Lazarus, Joanna Coles, and Defendant's staff. Discovery will also encompass Defendant's dissemination of the statements, including circulation and republication metrics, audience reach, social-media promotion, and any resulting financial benefit. Plaintiffs further anticipate discovery into the nature and extent of damages, including reputational and economic harm, and Defendant's revenues or other financial metrics associated with the publications. Additional topics will include Defendant's editorial policies and practices, fact-checking and correction procedures, internal communications relating to the Articles, the podcast, and the retraction demand correspondence, and communications with third parties before and after publication. Plaintiffs also expect to seek discovery regarding Defendant's insurance coverage, internal review processes, and prior instances involving similar allegations of inaccurate reporting or defamation.

Defendant anticipates seeking discovery regarding any and all payments received by Plaintiffs in connection with the 2024 presidential campaign, including any and all tax statements, invoices, bills, bank account statements, and vendor agreements; FEC campaign finance data pertaining to payments received by Plaintiffs in connection with the 2024 presidential campaign; any and all of Mr. LaCivita's contracts with the Trump campaign and related super PACs, including Make America Great Again, Inc.; financial audits for the Trump 2024 campaign; any and all purported "pass-through" payments to third-party entities via Plaintiffs; Plaintiffs' relationships with vendors and sub-vendors of the Trump 2024 campaign; Plaintiffs' relationships with Trump 2024 campaign personnel; Plaintiffs' prior political

consulting and campaign experience and payments incurred in connection with those engagements; Plaintiffs' reputation and prior reporting regarding same; Plaintiffs' alleged damages, including Plaintiffs' employment and employment opportunities following Defendant's publications; and Defendant's lack of actual malice in publishing the statements at issue. Defendant objects to certain aspects of Plaintiffs' anticipated discovery on the basis of privilege (including attorney-client, attorney work-product, and newsgathering privileges), relevance, materiality, or any other proper ground.

The inclusion of any topic listed above is not meant to waive any of the parties' ability to object to any discovery ultimately sought.

**Discovery Protocol:**

Disclosure or discovery of electronically stored information should be handled as follows:

As required by the Court's October 8, 2025 Scheduling Order, the parties discussed issues relating to disclosure or discovery of electronically stored information ("ESI") and agree to the following: (1) the parties may seek ESI regarding any of the subject matters outlined above, subject to and without waiving the parties' objections; (2) disclosure or production of ESI will generally be limited to data reasonably available to the parties in the ordinary course of business; (3) the parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business; (4) the parties represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction; and (5) the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the inadvertent production of privileged information.

***Plaintiffs' Position.*** Plaintiffs request that the parties be required to produce ESI in native format, together with appropriate metadata fields, to the extent such information is reasonably available. Production of .pdf copies is insufficient in this case because metadata and other information that may be gleaned from documents (e.g. drafts of the article) is likely to provide relevant information.

The parties will prepare and exchange privilege logs for any documents withheld in whole or in part on the basis of attorney–client privilege, work-product doctrine, or any other protection, consistent with Rule 26(b)(5). Each entry shall include the document date, author(s), recipient(s), general subject matter, and the privilege asserted. The parties agree that communications after the commencement of this action, and documents generated exclusively for litigation, need not be logged. Privilege logs shall be served within 14 days after substantial completion of each production, unless the parties agree otherwise. The parties will confer in good faith to resolve any privilege or redaction disputes before seeking court intervention.

Plaintiffs request that the parties agree that the inadvertent production of privileged or work-product-protected documents shall not constitute a waiver of privilege or protection in this action or in any other proceeding.

***Defendant's Position.*** Defendant requests that the parties be required to produce ESI in .pdf format, together with a load file containing the specific metadata fields that the parties shall mutually agree to, to the extent such information is reasonably available. Defendant requests that the production of native files shall be limited to files that cannot otherwise be produced in .pdf format, including Excel files (such as .xls), image files (such as .jpg, .tiff, or .png), video/audio files (such as .mp4 or .mov), or any other files that are mutually agreed upon by the parties. Defendant requests that ESI may be produced via an electronic document transfer

service, such as Dropbox or an FTP, or any other means mutually agreed upon by the parties. Defendant objects to Plaintiffs' proposal, as requiring production of all documents in native format may entail production of material potentially subject to applicable shield laws.

Defendants agree with Plaintiffs' proposal regarding privilege logs, except that Defendants do not agree that any entries involving the applicable newsgathering privilege are required to be included on the privilege logs.

Defendants agree that "the inadvertent production of privileged or work-product-protected documents shall not constitute a waiver of privilege or protection." Defendants request the entry of a Stipulated Protective Order, to be submitted for the Court's consideration seven (7) days after the parties' November 5 scheduling conference, which shall address inadvertent disclosure of protected materials.

**Discovery Limitations:**

Plaintiffs agree to the limitations on written discovery and depositions as set by the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the Eastern District of Virginia.

*Plaintiffs' Position*: Defendant's expressed preference for additional non-party depositions so that it can depose each entity to whom monies were passed through by Plaintiffs is overly burdensome. Defendant can obtain, without taking depositions, written records from Plaintiffs, from the third-party recipients of the funds, and from relevant financial institutions substantiating the third-party payments. If Defendant believes, after receiving such records, that there is a need for deposition testimony, then the parties can meet and confer and, if they are unable to agree, Defendant can seek leave of court for additional depositions.

*Defendant's Position*: Defendant requests that this Court enlarge the number of non-

party depositions that can be taken by each party without leave of Court from five (5) to ten (10) depositions. As stated *supra*, Defendant anticipates significant non-party discovery in this action in order to establish the lack of material falsity of its reporting as well as Plaintiffs' lack of alleged damages.

**Discovery Completion Dates:**

*Plaintiffs' Position*: Plaintiffs agree to the following default discovery completion dates.

*Defendant's Position*: Defendant agrees to the following default discovery completion dates, so long as the trial date is set for the week of June 1, 2026.

a. Discovery Cut-Off – All discovery shall be completed by all parties no later than 80 days before trial.

b. Disclosure of Expert Testimony – The party with the burden of proof on an issue shall disclose any experts whose testimony bears on such issue no later than sixty (60) days before the date set for completion of discovery. Within fifteen (15) days thereafter, the opposing party shall disclose any opposing experts. The party with the burden of proof shall disclose any rebuttal experts within fifteen (15) days thereafter. As used in this paragraph, "disclose" means to provide the identity of the expert and any information and documents required by Federal Rule of Civil Procedure 26.

c. Pretrial Disclosures – The parties agree to make Pretrial Disclosures according to the Federal Rules of Civil Procedure or as otherwise ordered by the Court.

d. Supplementations – The parties agree that supplementations under Fed. R. Civ. Proc. 26(e) are due in a reasonable time after material, relevant facts are learned, or by court order.

**Other Dates and Deadlines:**

*Plaintiffs' Position*: Plaintiffs agree to the following default dates and deadlines.

***Defendant's Position***: Defendant agrees to the following default dates and deadlines, so long as the trial date is set for the week of June 1, 2026.

a. The time for filing non-dispositive motions shall be fourteen days before trial.

b. The time for filing dispositive pre-trial motions shall be seventy days before trial.

c. The time for filing motions *in limine* shall be fourteen days before trial.

d. A final pre-trial conference shall be scheduled thirty days before trial.

**Consent to Electronic Service**

The parties consent to service of all papers (including discovery requests, discovery responses/objections, and motion papers) by email on counsel pursuant to Fed. R. Civ. P. 5(b)(2)(E). Service is effective upon transmission. This consent does not waive any objections, defenses, or privileges, and does not apply to service of original process (summons/complaint) or subpoenas. The following addresses apply unless and until updated in writing:

• Plaintiffs: geragos@geragos.com; jshaw@dhillonlaw.com; lgoodman@dhillonlaw.com

•Defendant: jmcgavin@mbbtklaw.com; katebolger@dwt.com; meenakshikrishnan@dwt.com; azick@mbbtklaw.com

6. **Settlement**

The parties remain willing to consider settlement at an appropriate stage of the litigation but believe that settlement discussions are unlikely to be productive until after some discovery has been completed.

7. **Jury Trial**

No party waives the right to a jury trial at this time.

8. **Trial Estimate**

Trial is currently expected to last four to five days but this may change depending on

developments in the case.

9. **Magistrate Judge Jurisdiction**

The parties do not consent to the magistrate judge for all purposes. They request a district court judge hear their dispositive motions and for trial.

Dated: October 23, 2025

Respectfully submitted,

*/s/ Jonathan Shaw*
_____
Jonathan Shaw (VSB No. 98497)
Lee E. Goodman (VSB No. 31695)
**DHILLON LAW GROUP, INC.**
2121 Eisenhower Ave., Suite 608
Alexandria, VA 22314
Telephone/Fax: (703) 637-8754
jshaw@dhillonlaw.com
lgoodman@dhillonlaw.com

Mark Geragos (*pro hac vice*)
Tina Glandian (*pro hac vice*)
Setara Qassim (*pro hac vice*)
**GERAGOS & GERAGOS, APC**
644 S. Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
geragos@geragos.com

*Counsel for Plaintiffs Chris LaCivita and Advancing Strategies, LLC*

**Agreed to:**

*/s/ John D. McGavin*
_____
John D. McGavin (VSB 21794)
**MCGAVIN, BOYCE, BARDOT, THORSEN & KATZ, P.C.**
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
jmcgavin@mbbtklaw.com

Katherine M. Bolger, Esq. (*pro hac vice*)
Meenakshi Krishnan, Esq. (*pro hac vice*)
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
katebolger@dwt.com
meenakshikrishnan@dwt.com

*Counsel for Defendant*
*The Daily Beast Company LLC d/b/a The Daily Beast*

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on the 23rd day of October, 2025, I electronically filed the foregoing pleading using the CM/ECF System, which will send notifications of the filing to all counsel of record:

John D. McGavin (VSB 21794)
McGavin, Boyce, Bardot, Thorsen & Katz, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
jmcgavin@mbbtklaw.com

Katherine M. Bolger, Esq.
Meenakshi Krishnan, Esq.
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
katebolger@dwt.com
meenakshikrishnan@dwt.com

*Counsel for Defendant*
*The Daily Beast Company LLC d/b/a The Daily Beast*

                                                  */s/ Jonathan Shaw*
                                                  Jonathan Shaw (VSB No. 98497)